T.C. Summary Opinion 2008-18

UNITED STATES TAX COURT

LEO AND SHAWN M. STEPHENS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9171-06S.              Filed February 25, 2008.

<u>Reggie L. Wegner</u>, for petitioners.

<u>Milan H. Kim</u> and <u>David Conrad</u>, for respondent.

FOLEY, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended and in effect for
the years in issue.

and this opinion shall not be treated as precedent for any other case. The issue for decision is whether, pursuant to section 162(a), petitioners are entitled to deduct expenses related to employee benefit programs.

### Background

Petitioner Leo Stephens and his wife Shawn Stephens operated a custom harvesting business, Stephens Family, LLC, that consisted of cutting, hauling, and selling grain (the harvesting business). Through a joint venture with Mrs. Stephens's mother, Clair Schrock, Mr. Stephens also operated a farm on which they grew various crops and raised 30 to 40 head of cattle.

In January 1995, Mr. Stephens enrolled in a health plan through Blue Cross/Blue Shield of Kansas. Mr. Stephens was the named policyholder and his family (i.e., his spouse and his four children) was covered under the plan. Mr. Stephens paid the plan premiums out of a joint bank account he owned with Mrs. Stephens. In December 1998, Mr. Stephens, through AgriPlan/BizPlan, adopted an employer-provided accident and health plan for employees. The plan provided for full reimbursement for health insurance costs to eligible employees and their families. In addition, eligible employees qualified for reimbursement of up to $15,000 for out-of-pocket medical expenses. To be reimbursed, eligible employees were required to submit a transmittal form to AgriPlan/BizPlan

indicating the amount the employee paid for health insurance and out-of-pocket medical expenses during the year. AgriPlan/BizPlan would then process the transmittal form and issue a statement to the employer stating the amount the employer should reimburse the eligible employee.

On January 1, 1999, Mrs. Stephens entered into an employment agreement with Mr. Stephens. Mrs. Stephens agreed to do bookkeeping for the businesses, run errands, prepare meals for the staff, answer phones, and do general field work and customary duties. The employment agreement specified that Mrs. Stephens would be paid $2,000 annually and be an eligible enrollee under the AgriPlan/BizPlan.

In 2001, Mrs. Stephens worked 1,172 hours for the harvesting business and the farm and was issued a Form W-2, Wage and Tax Statement (Form W-2). Thereafter, she submitted an employee benefit expense transmittal form to AgriPlan/BizPlan claiming that, in 2001, she had paid $8,650 for medical expenses. Of this total, $4,978 was attributable to the health insurance premiums relating to the Blue Cross/Blue Shield plan, and $3,672 was attributable to out-of-pocket medical expenses. These expenses were paid out of petitioners' joint bank account, and petitioners were not reimbursed. On the Schedule F, Profit or Loss from

Farming, accompanying their 2001 return, petitioners deducted $8,661 for employee benefits programs.

In 2002, Mrs. Stephens worked 1,258 hours for the harvesting business and the farm and was issued a Form W-2. Thereafter, Mrs. Stephens submitted an employee benefit expense transmittal form to AgriPlan/BizPlan claiming that, in 2002, she had paid $11,242 for medical expenses. Of this total, $5,985 was attributable to the health insurance premiums relating to the Blue Cross/Blue Shield plan, and $5,257 was attributable to out-of-pocket medical expenses. These expenses were paid out of petitioners' joint bank account, and petitioners were not reimbursed. On the Schedule F accompanying their 2002 return, petitioners claimed an $11,531 deduction relating to employee benefits programs.

On February 17, 2006, respondent issued petitioners a notice of deficiency and determined deficiencies relating to 2001 and 2002. Respondent determined that petitioners were not entitled to deduct 100 percent of their medical expenses on Schedule F as ordinary and necessary business expenses. Respondent did, however, allow petitioners a deduction, pursuant to section 162(l), for 60 percent of the $4,978 health insurance premium payments relating to 2001 and 70 percent of the $5,985 health insurance premium payments relating to 2002.

On May 15, 2006, petitioners, while residing in Colby, Kansas, filed their petition with the Court.

## Discussion

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Ordinary and necessary business expenses include the reimbursement of employee benefit plan expenses paid or incurred by employees. Sec. 162(a)(1); sec. 1.162-10, Income Tax Regs. Petitioners contend that their health insurance and out-of-pocket medical care expenses are fully deductible. Pursuant to section 162(l), petitioners, however, are allowed to deduct only 60 percent of the amount paid for health insurance in 2001 and 70 percent of the amount paid for health insurance in 2002. Sec. 162(l)(1)(A) and (B). Accordingly, we sustain respondent's determinations that petitioners' health insurance expenses are subject to section 162(l). In addition, pursuant to section 162(a), petitioners' out-of-pocket medical care expenses are not ordinary and necessary business expenses and, therefore, are not deductible.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.